UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
YAROSLAV SURIS,

                Plaintiff,                    **REPORT AND RECOMMENDATION**
                                                         20 CV 4229 (FB)(LB)

   -against-

CENTRAL YESHIVA TOMCHEI TMIMIM
LUBAVITZ OF THE UNITED STATES
OF AMERICA,

                Defendant.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

      Plaintiff brings this action pursuant to the Americans with Disabilities Act ("ADA"), the New York State Civil Rights Law, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). For the following reasons, it is respectfully recommended that this case should be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

      Plaintiff's counsel commenced this action on September 10, 2020, by filing a complaint against the defendant. ECF No. 1. The summons was issued that same. ECF No. 2. On October 10, 2020, plaintiff filed proof of service stating that the summons and a copy of the complaint were served on defendant on September 22, 2020. ECF No. 5. Therefore, defendant's answer to plaintiff's complaint was due on October 13, 2020. Fed. R. Civ. P. 12(a)(1)(A)(i). To date, defendant has failed to answer or otherwise respond to plaintiff's complaint. On October 29, 2020, the Court ordered plaintiff to "take appropriate action against defendant by November 19, 2020,

or [the Court] shall recommend that this case should be dismissed." Plaintiff has neither moved for entry of default nor taken any other action to prosecute this matter.

## DISCUSSION

When a "plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," the Court may dismiss an action. Fed. R. Civ. P. 41(b). The Court may dismiss a case for failure to prosecute sua sponte. O'Rourke v. Nirvana, 19-CV-4711(PAE)(GWG), 2020 WL 1198326, at *1 (S.D.N.Y. Mar. 12, 2020) report and recommendation adopted by 2020 WL 2133174 (S.D.N.Y. May 5, 2020). The power of a District Court to dismiss an action for failure to prosecute is "an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs" and dispose of cases in an orderly manner. Lewis v. Rawson, 564 F.3d 569, 575 (2d Cir. 2009) (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (internal quotation marks omitted). The Second Circuit counsels that dismissal for lack of prosecution is "harsh" and only appropriate in "'extreme situations.'" Id. at 575–76 (quoting Minnette v. Time Warner, 997 F.2d 1023, 102 (2d Cir. 1993).

A Court considering dismissal for failure to prosecute must consider five factors. Id. at 575. (citing United States ex. rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004)). These factors include:

> Whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

Id. (quoting Drake, 375 F.3d 254). A delay in prosecution may prejudice defendants because witnesses' memories fade with the passage of time. O'Rourke, 2020 WL 1198326, at *2. District

2

Courts must also diligently manage their dockets and "cannot indefinitely wait" for a plaintiff to again focus on prosecuting a case. Id. When a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a matter. See Ruzsa v. Rubenstein & Sendy Attys. at Law, 520 F.3d 176, 177 (2d Cir. 2008).

Here, plaintiff's failure to prosecute this matter warrants dismissal. Since October 2020, when defendant's answers became overdue, plaintiff has not taken any action to prosecute this case. The Court warned plaintiff on October 29, 2020 that failure to move for entry of defendant's default by November 19, 2020 would result in dismissal of the action. Plaintiff has failed to respond to the Court's order.

## CONCLUSION

Accordingly, it is respectfully recommended that this case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for plaintiff's failure to prosecute.

## FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of the Court. Any request for an extension of time to file objections must be made within

the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physician's Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: January14, 2021
      Brooklyn, New York