```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
YAROSLAV SURIS,

                Plaintiff,

        -against-

CENTRAL YESHIVA TOMCHEI
TMIMIM LUBAVITZ OF THE
UNITED STATES OF AMERICA,

                Defendant.
------------------------------------------------x
```

**MEMORANDUM AND ORDER**

Case No. 1:20-cv-04229-FB-LB

*Appearances:*
*For the Plaintiff*:
MITCHELL SEGAL
Law Office of Mitchell S. Segal P.C.
1129 Northern Boulevard, Suite 404
Manhasset, NY 11030

**BLOCK, Senior District Judge:**

On September 10, 2020, Yaroslav Suris brought this action pursuant to the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law. Suris alleges that a website operated by Central Yeshiva Tomchei Tmimim Lubavits of the United States of America ("Central Yeshiva") discriminates against him because "deaf and hard of hearing individuals cannot understand the audio portion of videos on the Website and cannot get more information about the CENTRAL YESHIVA that non-deaf and hard-of-hearing individuals can." *See* ECF No. 1 at 2.

1

On January 14, 2021, Magistrate Judge Bloom recommended that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.

After commencing this action, Suris filed proof of service on October 10, 2020, indicating that the summons and a copy of the complaint were served on Central Yeshiva on September 22, 2020. *See* ECF No. 5. As a result, defendant's answer to plaintiff's complaint was due on October 13, 2020. Defendant failed to answer or otherwise respond to plaintiff's complaint. On October 29, 2020, Magistrate Judge Bloom ordered plaintiff to "take appropriate action against defendant by November 19, 2020, or [the Court] shall recommend that this case should be dismissed." Plaintiff neither moved for entry of default nor took any other action to prosecute this matter, prompting Magistrate Judge Bloom's *sua sponte* report and recommendation recommending dismissal.

## II.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). "When a party makes only conclusory, or general objections, or simply reiterates the original arguments," however, "the Court will review the report

strictly for clear error." *Frankel v. City of New York*, 2009 WL 465645, at *2 (E.D.N.Y. Feb. 25, 2009) (collecting cases); *Nadolecki v. New York State Dep't of Taxation & Fin.*, 2011 WL 2437481 at *1 (E.D.N.Y. June 15, 2011).

Counsel for Suris filed a timely objection on January 28, 2021. Without citation to case law, he argues that the total delay attributable to a "filing error" in his office "was fifty six (56) days" and that this Court should overrule the Magistrate Judge on that basis. ECF No. 7 at 2.

A Court considering dismissal for failure to prosecute must consider five factors, specifically whether:

> (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Mayanduenas v. Bigelow*, No. 20-1480-PR, 2021 WL 972965, at *2 (2d Cir. Mar. 16, 2021). "No one factor is dispositive" and courts must review "the dismissal in light of the record as a whole." *Drake*, 375 F.3d at 254.

As to the first factor, the delay was attributable to the plaintiff and lasted for fifty-six days. Typically, delays of multiple months or years produce dismissal. While there is no fixed time after which a delay becomes "unreasonable," courts

3

have held that delays of multiple months are unreasonable. Fifty-five days is on the low end of the spectrum, but the Court believes this factor weighs lightly in favor of dismissal.

As to the second factor, plaintiff was clearly given notice that further delay would result in dismissal. The ECF entry in this case on October 29, 2020, states "plaintiff shall take appropriate action against defendant by November 19, 2020, or I shall recommend that this action should be dismissed." This factor weighs strongly in favor of dismissal.

With respect to factor three, the defendant has failed to answer the complaint, minimizing any potential prejudice. The Court finds this factor to be neutral.

As to factor four, Magistrate Judge Bloom noted that courts must "diligently manage their dockets and 'cannot indefinitely wait' for a plaintiff to again focus on prosecuting a case." ECF No. 6 at 3 (*citing O'Rourke v. Nirvana*, No. 19CIV4711PAEGWG, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020)). Plaintiff has been afforded his day in court but has failed to diligently prosecute the case. This factor weights in favor of dismissal.

Factor five focuses on whether lesser sanctions are appropriate. Magistrate Judge Bloom noted that "[w]hen a plaintiff fails to respond once threatened with dismissal, it is unlikely that a lesser sanction will result in reengagement in a

4

matter. *See Ruzsa v. Rubenstein & Sendy Attys. at Law*, 520 F.3d 176, 177 (2d Cir. 2008)." ECF No. 6 at 3. This Court agrees. Factor five weights lightly in favor of dismissal.

## CONCLUSION

The Court agrees with Magistrate Judge Bloom's recommendation that the case be dismissed pursuant to Federal Rule of Civil Procedure 41(b). For the foregoing reasons, the plaintiff's objections are OVERRULED, and this case is DISMISSED for failure to prosecute.

**SO ORDERED.**

                                               /S/ Frederic Block
                                               FREDERIC BLOCK
                                               Senior United States District Judge

Brooklyn, New York
June 3, 2021